# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRECK SUNDERLAND,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KATHY MENDOZA-POWERS,<br><br>　　　　　Respondent. | 1:06-cv-00999-LJO-TAG HC<br><br>ORDER DENYING MOTION FOR EVIDENTIARY HEARING (Doc. 8)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 8)<br><br>ORDER GRANTING MOTION TO AMEND PETITION BY INTERLINEATION (Doc. 5) |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On August 1, 2006, the instant petition was filed. (Doc. 1). On October 30, 2006, Petitioner filed a motion to amend the petition to reflect that his answer to question number 17 on the form petition should be "no." (Doc. 5). On April 2, 2007, Petitioner filed a motion for an evidentiary hearing and for appointment of counsel. (Doc. 8).

　　　　Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, *after* the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See Hendricks v. Vasquez, 974 F.2d 1099, 1103

1

(9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, <u>Townsend v. Swain</u> 372 U.S. 293, 309 (1963)(<u>overruled in part by</u> <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1993)), such a hearing is unnecessary when only issues of law are raised. <u>Id.</u>

In this case, Petitioner contends that Respondent's application of the "some evidence" standard has deprived him of the benefits of his plea bargain in violation of the Fourteenth Amendment.  (Doc. 1, p. 4).  Although this appears to be simply a question of law, the Court has not yet conducted its preliminary screening of the petition.  After the Court has conducted said screening, the Court may order Respondent to file a response or, alternatively, if some defect appears in the petition itself, the Court may order Petitioner to amend the petition or take some other action.   The Court, however, has not yet conducted such a review, nor has the Court yet ordered Respondent to file a response.  Respondent has yet even to enter an appearance in this case.  The case is not in a posture for the Court to proceed to a consideration of the merits of the petition.  Thus, whether or not there exists a factual dispute of the type that warrants an evidentiary hearing cannot be made at this early point in the proceedings.

If and when the case is in a posture where the Court will consider the merits, and following a thorough review of those merits, the Court will sua sponte issue an order for an evidentiary hearing *should it find one necessary*.   Accordingly, Petitioner's Motion for an Evidentiary Hearing is DENIED.

Regarding Petitioner's motion for appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u> e.g., <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir. 1958);  <u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.  Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

Regarding Petitioner's motion to amend, a petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has

been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of court is required for all other amendments. Fed. R. Civ. P. 15(a).

Here, no response has as yet been filed. Accordingly, Petitioner is entitled to amend his petition once as a matter of right. The Court construes Petitioner's motion to amend as a request to amend the original petition by interlineation rather than by the filing of an amended petition. Petitioner's motion to amend is GRANTED; the Petition is hereby amended to reflect that the answer to question number 17 on the form petition is "no."

## ORDER

Accordingly, GOOD CAUSE appearing therefor, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for an evidentiary hearing (Doc. 8), is DENIED;

2. Petitioner's motion for appointment of counsel (Doc. 8), is DENIED; and,

3. Petitioner's motion to amend the petition by interlineation (Doc. 5), is GRANTED.

The original petition is amended to reflect that the answer to question number 17 is "no."

IT IS SO ORDERED.

Dated:  **April 23, 2007**          /s/ **Theresa A. Goldner**
                                    UNITED STATES MAGISTRATE JUDGE