UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRECK SUNDERLAND, | ) | 1:06-CV-00999 LJO JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTION |
| v. | ) | FOR EVIDENTIARY HEARING |
| | ) | |
| KATHY MENDOZA-POWERS, | ) | [Doc. 18] |
| | ) | |
| Respondent. | ) | |

Petitioner Derreck Sunderland ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 1, 2006.

On April 2, 2007, the Petitioner filed a motion for an evidentiary hearing, and a motion for the appointment of counsel. The motion for an evidentiary hearing was denied on April 23, 2007 as premature.

Respondent filed an answer to the petition on January 29, 2008.

On September 18, 2008, Petitioner filed a motion to consider whether there are any factual disputes requiring an evidentiary hearing.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary

hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

With respect to Petitioner's renewed request for evidentiary hearing, the Court finds such a hearing unnecessary. The existing state court record is more than sufficient to resolve Petitioner's claims. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir.1999); Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998); Villafuerte v. Stewart, 111 F.3d 616, 633 (9th Cir. 1997) (holding that a petitioner's request to have a federal court hear the same evidence heard by the state court in the state habeas proceeding is not a valid reason for an evidentiary hearing); Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994) (finding that evidentiary hearing is not required on issues that can be resolved by reference to the state court record). Furthermore, the purpose of an evidentiary hearing is to resolve the merits of a *factual* dispute. In the instant case, the Court's determines that there does not exist a factual dispute.

Accordingly, the request for an evidentiary hearing is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:     November 10, 2008                    /s/ John M. Dixon**
                                                    UNITED STATES MAGISTRATE JUDGE